UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ANGEL SMERLYN PENA-CANELA,

     Petitioner,

v.

JEFFREY J. SEARLS,

     Respondent.

**DECISION AND ORDER**

1:18-CV-00949 EAW

---

# INTRODUCTION

Petitioner Angel Smerlyn Pena-Canela ("Petitioner"), an immigration detainee currently detained at the Buffalo Federal Detention Facility in Batavia, New York, seeks a *writ of habeas corpus* pursuant to 28 U.S.C. § 2241. (Dkt. 1). Petitioner argues that his continued detention is unconstitutional and seeks immediate release, either on his own recognizance or under bond. (*Id.* at ¶¶ 35-36). On September 12, 2018, Petitioner filed a motion for a preliminary injunction (Dkt. 3), which Respondent Jeffrey J. Searls ("Respondent") has opposed (Dkt. 11; Dkt. 12; Dkt. 13). For the reasons set forth below, the Court denies Petitioner's motion for a preliminary injunction.

# PROCEDURAL BACKGROUND

Petitioner commenced the instant action on August 28, 2018. (Dkt. 1). Petitioner included in his Petition a request that the Court expedite its consideration of this matter by ordering Respondent to respond within three days. (*Id.* at 1-2). The Court denied this request on August 29, 2018, but indicated that it would entertain a motion for expedited relief filed upon notice to Respondent. (Dkt. 2). Petitioner did not file such a request.

Instead, on September 12, 2018, Petitioner filed the instant motion for a preliminary injunction. (Dkt. 3). Respondent filed his opposition to the instant motion on September 28 and 29, 2018. (Dkt. 11; Dkt. 12; Dkt. 13).

## FACTUAL BACKGROUND

As a threshold matter, the Court notes that Petitioner has not submitted a sworn affidavit or declaration or any other evidentiary proof in connection with his motion for a preliminary injunction. Accordingly, the unsworn factual allegations set forth in the Petition provide the sole factual basis for Petitioner's request. While the Court has summarized these allegations here, it has not treated them as true for purposes of the instant motion, for reasons discussed further below.

Petitioner is a native of the Dominican Republic and is 27 years old. (Dkt. 1 at ¶¶ 12, 14). He came to the United States "at the age of 22 as the unmarried child under 21 years old of a U.S. citizen." (*Id.* at ¶ 14).[1] Petitioner's father, four sisters, and three step-sisters are United States citizens and he is also married to a United States citizen. (*Id.* at ¶ 14). Petitioner's wife submitted a United States Customs and Immigration Services ("USCIS") Petition for Alien Relative (USCIS form I-130) related to Petitioner (the "I-130 Petition"), which was approved on July 2, 2018. (*Id.* at ¶ 14).

On August 15, 2017, Petitioner pleaded guilty to a charge of transporting an illegal alien within the United States. (*Id.* at ¶ 16). Thereafter, the United States Department of Homeland Security charged Petitioner with a single ground of removability as "an alien

---

[1] The Petition offers no explanation for how an individual who was 22 years old was determined to be an unmarried child under 21 years old.

- 2 -

who at any time after admission has been convicted of an aggravated felony." (*Id.*). Petitioner was served with a Notice to Appear on or about November 21, 2017, which stated that a hearing would be held at a time and date to be set. (*Id.* at ¶ 17).

On March 9, 2018, an immigration judge ("IJ") conducted an individual hearing and concluded that Petitioner was removable as an aggravated felon. (*Id.* at ¶ 19). Petitioner timely appealed the removal order to the Board of Immigration Appeals ("BIA"). (*Id.* at ¶ 22). Thereafter, on July 10, 2018, Petitioner filed a motion to remand with the BIA based on the newly approved I-130 Petition. (*Id.* at ¶ 25). In his memorandum of law in support of the request for preliminary injunction, Petitioner indicates that the BIA "recently granted the appeal" and remanded the case to the IJ for further proceedings. (Dkt. 3 at 7). However, no bond has been set for Petitioner, who remains detained. (*Id.*).

## DISCUSSION

### I. Legal Standard for a Preliminary Injunction

In order to obtain a preliminary injunction, the moving party must establish the following: (1) a likelihood of irreparable harm absent preliminary relief; (2) a likelihood of success on the merits; (3) the balance of equities tipping in favor of the moving party; and (4) the public interest is served by an injunction. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Where the moving party is unable to demonstrate a likelihood of success on the merits, a court may still issue a preliminary injunction if the moving party demonstrates "sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief." *Citigroup Glob. Mkts., Inc. v. VCG Special Opportunities Master Fund*

*Ltd.*, 598 F.3d 30, 35 (2d Cir. 2010) (quoting *Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.*, 596 F.2d 70, 72 (2d Cir. 1979)).

"Normally, the purpose of a preliminary injunction is to maintain the status quo ante pending a full hearing on the merits. Occasionally, however, the grant of injunctive relief will change the positions of the parties as it existed prior to the grant." *Abdul Wali v. Coughlin*, 754 F.2d 1015, 1025 (2d Cir. 1985) (internal citations omitted), *overruled on other grounds*, *O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1987). "A higher standard applies . . . if the requested injunction is 'mandatory,' altering rather than maintaining the status quo, or if the injunction will provide the movant with substantially all the relief sought and that relief cannot be undone even if defendant prevails at a trial on the merits." *People for Ethical Treatment of Animals v. Giuliani*, 105 F. Supp. 2d 294, 303 (S.D.N.Y. 2000), *adopted*, No. 00 CIV. 3972 (VM), 2000 WL 1639423 (S.D.N.Y. Oct. 31, 2000), *aff'd*, 18 F. App'x 35 (2d Cir. 2001). The Second Circuit has "held that a mandatory injunction should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." *Tom Doherty Assocs. v. Saban Entm't, Inc.*, 60 F.3d 27, 34 (2d Cir. 1995) (internal quotation marks and citation omitted).

## II. <u>Petitioner has not Demonstrated his Entitlement to a Preliminary Injunction</u>

As noted above, Petitioner has failed to file, in support of his request for a preliminary injunction, a sworn affidavit or declaration, or any other form of evidentiary proof. Instead, Petitioner relies solely on the unsworn allegations set forth in his Petition and his memorandum of law to support his request. These unsworn allegations are

insufficient, as a matter of law, to support the issuance of a preliminary injunction—let alone the extraordinary relief of a mandatory injunction.

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter,* 555 U.S. at 24; *see also Hanson Trust PLC v. ML SCM Acquisition, Inc.,* 781 F.2d 264, 273 (2d Cir. 1986) (noting that a preliminary injunction is "one of the most drastic tools in the arsenal of judicial remedies"). As such, "a party seeking preliminary injunctive relief has a heavy burden to sustain," *Dorsett v. Cty. of Nassau,* 762 F. Supp. 2d 500, 534 (E.D.N.Y. 2011) (quotation omitted), and, importantly, "must offer proof beyond the unverified allegations of the pleadings." *Allens Creek/Corbetts Glen Pres. Grp., Inc. v. Caldera,* 88 F. Supp. 2d 77, 83 (W.D.N.Y. 2000), *aff'd sub nom. Allens Creek/Corbetts Glen Pres. Grp., Inc. v. West,* 2 F. App'x 162 (2d Cir. 2001). In short, "[b]are allegations, without more, are insufficient for the issuance of a preliminary injunction." *Kadant, Inc. v. Seeley Mach., Inc.,* 244 F. Supp. 2d 19, 40 (N.D.N.Y. 2003)

In this case, Petitioner seeks a mandatory injunction that would alter the status quo, and therefore is required to make a clear showing of his entitlement to relief. He has failed to satisfy that burden. Petitioner has not submitted a single piece of evidence to this Court that would support his request, and has instead impermissibly relied solely on the unsworn allegations set forth in his Petition. The Court simply cannot grant a preliminary injunction under these circumstances. *See, e.g., Chandler v. Graham,* No. 916CV0348DNHATB, 2016 WL 4411407, at *2 (N.D.N.Y. Aug. 19, 2016) (denying request for preliminary injunction where plaintiff "failed to substantiate any allegations of irreparable harm with evidence in admissible form or to demonstrate, with evidence, a likelihood of success on

the merits of his underlying claims or sufficiently serious questions going to the merits and a balance of hardships tipping decidedly in his favor"); *Scarbrough v. Evans*, No. 909-CV-0850 NAM DEP, 2010 WL 1608950, at *3 (N.D.N.Y. Apr. 20, 2010) (denying motion for preliminary injunction where plaintiff's sole proof was his own affidavits, because "[p]laintiff's allegations, standing alone, are not sufficient to entitle him to preliminary injunctive relief"); *Purdie v. Supervisor, Admin. Mail Room, Auburn Corr. Facility*, No. 9:09CV951FJS/ATB, 2010 WL 148639, at *4 (N.D.N.Y. Jan. 13, 2010) ("Plaintiff has failed to submit proof or evidence that meets [the preliminary injunction] standard. Plaintiff has submitted only his own affidavit containing his request for injunctive relief and the reasons why he believes the Court should grant his request. Plaintiff's allegations, standing alone, are not sufficient to entitle him to preliminary injunctive relief."). Because the Court finds that Petitioner has not supported his request for preliminary injunctive relief with proper evidence, his motion must be denied.

### III. Petitioner has not Complied with the Court's Local Rules

The Court notes as an additional point that Petitioner's failure to submit any sworn affidavits or declarations in connection with his motion for a preliminary injunction violates this Court's Local Rules. In particular, Petitioner has not complied with Local Rule of Civil Procedure 7, which provides in relevant part that:

> Except for motions brought under Fed. R. Civ. P. 12(b)(1) (lack of subject matter jurisdiction), 12(b)(6) (failure to state a claim), 12(c) (judgment on the pleadings), and 12(f) (to strike), motions and opposition to motions shall be supported by at least one (1) affidavit and by such other evidence (*i.e.*, deposition testimony, interrogatory answers, admissions, and documents) as appropriate to resolve the particular motion. Failure to comply with this

requirement may constitute grounds for resolving the motion against the non-complying party.

L. R. Civ. P. 7(a)(3). While the Court does not rely on this lack of compliance in resolving Petitioner's motion, Petitioner is reminded that any future submissions in this matter must comport with the Court's Local Rules.

## **CONCLUSION**

For the foregoing reasons, the Court denies Petitioner's motion for a preliminary injunction. (Dkt. 3).

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: October 29, 2018
       Rochester, New York